```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGELICA SANTA MARIA GONZALEZ, on behalf
of D.K.M.,

                              Plaintiff,    1:16-cv-00767-MAT-HBS
                                            DECISION AND ORDER
            -vs-

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                              Defendant.
_____
```

**INTRODUCTION**

Angelica Santa Maria Gonzalaz ("Plaintiff"), represented by counsel, brings this action on behalf of her minor child, D.K.M. ("Claimant"), pursuant to Title XVI of the Social Security Act ("the Act"). Plaintiff seeks review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") denying Claimant's application for child Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

On June 5, 2018, Magistrate Judge Hugh B. Scott issued a Report and Recommendation (the "R&R") (Docket No. 17) recommending that Defendant's motion be granted and Plaintiff's motion be denied. As discussed further below, the Court adopts Judge Scott's findings and accepts his recommendation as to the disposition of the pending motions.

**SCOPE OF REVIEW**

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When only general objections are made to a magistrate judge's report and recommendation, the district judge reviews it for clear error or manifest injustice. *See, e.g., Brown v. Peters*, 95-CV-1641-RSP-DS, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999). After conducing the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**PROCEDURAL BACKGROUND**

Claimant was born on December 7, 2012. On June 17, 2013, Plaintiff protectively filed an application for SSI on behalf of Claimant, alleging disability beginning February 1, 2013 due to congenital torticollis, and anomaly of the skull, face and bones. Administrative Transcript ("T.") 42. The claim was initially denied on September 9. 2013. T. 49. At Plaintiff's request, a video hearing was conducted on June 23, 2015, in Rochester, New York by administrative law judge ("ALJ") Michael W. Devlin, with Plaintiff and Claimant appearing *pro se* via video conference in Buffalo, New York. T. 27-40.

The ALJ issued an unfavorable decision on August 21, 2015. T. 8-23. Plaintiff appealed the decision to the Appeals Council ("AC"), which denied Plaintiff's request for review on July 28, 2016, making the ALJ's decision the final determination of the Commissioner. T. 1-5. This action followed.

**THE ALJ'S DECISION**

The ALJ applied the three-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims for individuals under the age of 18. *See* 20 C.F.R. § 416.924(a).

At step one of the sequential evaluation, the ALJ found that Claimant had not engaged in substantial gainful activity since June 17, 2013, the application date. T. 14.

At step two, the ALJ determined that Claimant had the following "severe" impairments: congenital torticollis; plagiocephaly; and speech/language delay. *Id*.

At step three, the ALJ found that Claimant's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 14. He further found that Claimant's impairments did not singularly or in combination functionally equal the severity of the listings in 20 C.F.R. Parts 416.924(d) and 416.926(a). T. 15. Accordingly, the ALJ found that Claimant was not disabled as defined by the Act and concluded the sequential process. T. 23.

3

## DISCUSSION

In her objections to the R&R, Plaintiff raises the following arguments: (1) the record was insufficient to make a finding on the severity of Claimant's mixed receptive-expressive language disorder; and (2) the ALJ failed to properly evaluate Plaintiff's credibility. In opposition, the Commissioner contends that: (1) substantial evidence supports the ALJ's finding that Claimant did not have an impairment or combination of impairments that met or functionally equaled a listing; and (2) the ALJ properly assessed Plaintiff's credibility. For the reasons set forth below, the Court finds that Plaintiff's objections are without merit.

**I. The ALJ's Step Three Finding is Supported by Substantial Evidence**

Plaintiff argues the ALJ failed to adequately develop the record, particularly in light of Plaintiff's *pro se* status at the hearing level. Specifically, Plaintiff contends it was error for the ALJ to make a finding on the severity of Claimant's speech/language delay without the benefit of an expert opinion. The Court agrees with the conclusions reached in the R&R that the available administrative record was sufficient to substantially support the ALJ's findings. The R&R explains in detail that there was no evidence in the record to support the conclusion that Claimant suffered from a neurological disorder that affected his speech, and "further expert development of the record based on speech alone" would not have meaningfully impacted the ALJ's

4

conclusions. (Docket No. 17 at 10-11). Accordingly, the Court adopts the conclusion that the ALJ's step three finding is supported by substantial evidence.

**II. The ALJ Properly Evaluated Plaintiff's Credibility**

Plaintiff further argues the ALJ's credibility finding is unsupported by the record. In particular, Plaintiff argues the ALJ's reasons for discounting her credibility were based on an inappropriate reading of the evidence and mischaracterization of the record. For the reasons set forth below, the Court finds upon its *de novo* review of the record that the ALJ properly evaluated Plaintiff's credibility and supported his finding with substantial evidence.

"Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence." *Hargrave v. Colvin*, No. 12-CV-6308 (MAT), 2014 WL 3572427, at *5 (W.D.N.Y. July 21, 2014) (internal quotation omitted). While the Commissioner's regulations set forth seven factors the ALJ is to consider in assessing credibility, the ALJ is not required to explicitly discuss each of the factors, so long as he sets forth the reasoning for his credibility determination and that determination is adequately supported by the evidence. "[T]he predominant focus of a credibility analysis must be the entire case record as a whole, and

5

... the adjudicator [need only] show specific cause, grounded in evidence, for his or her conclusion." *Snyder v. Barnhart*, 323 F. Supp. 2d 542, 547 (S.D.N.Y. 2004). "Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are patently unreasonable." *Andrisani v. Colvin*, 1:16-CV-00196 (MAT), 2017 WL 2274239, at *3 (W.D.N.Y. May 24, 2017) (internal quotation omitted).

In finding that Plaintiff was partially credible, the ALJ noted that Plaintiff appeared to overstate the severity of Claimant's condition. T. 16. Specifically, the ALJ noted that Plaintiff testified that torticollis was still a major problem for Claimant at the time of the hearing, when Claimant was two-and-a-half-years-old (T. 35); however, the medical records indicate that Claimant's pediatrician made no note of torticollis at Claimant's twelve-month well-child visit. *Id*.

Plaintiff argues that torticollis was not noted by Claimant's pediatrician at the twelve-month well-child visit because Claimant was receiving physical therapy for torticollis elsewhere. However, upon review of the medical records, the Court finds Claimant's physical therapy reports last mention a concern regarding Claimant's head and neck alignment on December 31, 2013, shortly after Claimant's first birthday. T. 278. Subsequent therapy reports include no indication that torticollis was an on-going concern. *See* T. 280-85. Where an ALJ "gives specific reasons for finding the claimant not credible, the ALJ's credibility determination 'is

6

generally entitled to deference on appeal.'" *Costello v. Colvin*, No. 16-CV-0576SR, 2018 WL 4777186, at *4 (W.D.N.Y. Oct. 3, 2018) (internal quotation marks omitted) (finding the ALJ's assessment of plaintiff's credibility regarding the severity of her edema was supported by the record where treatment records from plaintiff's primary care doctor only indicated a one-time discussion of edema and no on-going treatment). Accordingly, the Court finds the ALJ's determination that Plaintiff's testimony that torticollis was still a major problem for Claimant in June 2015 was not fully credible is supported by substantial evidence.

Plaintiff further argues the ALJ's statement that "[w]hile [Claimant] is receiving physical therapy, the progress reports indicate improvement in his motor skills to 'more age appropriate' levels" is a mischaracterization of the record. T. 16 (*quoting* T. 282). Upon review of the progress report in question, the Court finds no error in the ALJ's rephrasing of the report.

On April 1, 2015, Claimant's physical therapist noted that "[Claimant] has further established independent walking and running during the course of this quarter, and is continuing to move on to more age-appropriate motor skills..." T. 282. As the ALJ correctly found, the physical therapy records show Claimant was making improvements in his motor skills. Accordingly, the Court finds no error in the ALJ's assessment of the record. *See Jones v. Commissioner of Social Security*, No. 6:17-CV-06396(MAT), 2018 WL 3829119, at *3-4 (W.D.N.Y. Aug. 13, 2018) (finding no error in the

7

ALJ's discussion of plaintiff's medical records showing significant improvement).

For the reasons set forth above, upon its *de novo* review and after careful consideration of Plaintiff's objections, the Court finds the ALJ did not err in his finding that Plaintiff was not entirely credible concerning her statement regarding the severity of Claimant's condition. The Court further adopts the conclusions set forth in the R&R in their entirety and accepts the recommendation that Plaintiff's motion for judgment on the pleadings be denied and that Defendant's motion for judgment on the pleadings be granted.

## CONCLUSION

For the reasons set forth above, the R&R (Docket No. 17) is adopted. The Commissioner's motion for judgment on the pleadings (Docket No. 12) is granted, and Plaintiff's motion for judgment on the pleadings (Docket No. 11) is denied. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                            S/Michael A. Telesca
                                      _____
                                        HONORABLE MICHAEL A. TELESCA
                                        United States District Judge

Dated:    November 19, 2018
            Rochester, New York